25-1691 Paulina Perez v. Todd Blanche May it please the court, I'm Matthew Hoppeck on behalf of Paulina Sebastian Perez. Matthew Hoppeck, you may proceed. This is a somewhat simple appeal that got complicated by the Supreme Court while pending. The Supreme Court issued its decision in Riley v. Bondi. It slapped the circuits with a big question mark. What are we supposed to do next? The outcome in Riley v. Bondi was a remand, meaning... What's the status of that case now? I believe it's back at the circuit court. That's going to be my first question. Is there anything percolating there? It's a critical question because the Department of Justice would have the court hold that there's no jurisdiction over this kind of an order. But then you would ask, why would the Supreme Court remand then if the lower court had no jurisdiction? Because they can take jurisdictional issues in any order and they concluded that the court had erred on the one that was before them. So they sent it back for the Court of Appeals to proceed. I thought about that too, although the dissent assumes that there is jurisdiction on appeal because it goes into why the circuit courts should consider equitable tolling. And the majority doesn't... I mean, you can't blame the majority for not answering everything in the dissent, but it's not brought up. At least it's an open question. Following Riley, whether circuit courts would have jurisdiction. But I think that... You mean over a stand-alone, a petition on a stand-alone withholding-only order, as they call it? I actually think there are two issues now, given the 28J letter that the Department of Justice just filed. Because I thought the issue was whether the first petition, which could have been filed in 30 days, whether it's late because of Riley v. Bondi. But this 28J letter now says, reinstatement orders are not removal orders and therefore aren't removable. But then they have a third position, which is that I thought, before this late-breaking 28J letter, they had point two in their brief, which is that the stand-alone order is not something over which we have jurisdiction. Yeah, and I don't fully understand that argument. I think what they're saying is, if you're not petitioning for the review of a final order of removal, you can't petition for review independently by itself of this withholding-only determination. Okay, so I understand what you're saying. That was before they said that the reinstatement order is not a final order of removal. That's their June 5 position. What about this position that even assuming there was a final order of removal here and that you can get equitable tolling? I think the court would be charting a new path. I don't know of any circuit that has held that. No, the Ninth Circuit has said that. This court's case is the Lara Nieto case. It dealt with this issue. It was a final order of removal, and then he appealed the Catt order, and the court determined that it didn't have jurisdiction over the removal order. I think he'd gone to district court as well. I thought in Lara Nieto he did petition for review of the final removal order and the Catt. And the Catt, and the court said it did have jurisdiction over the Catt order. Right, but our case here is one where you've petitioned only as to the withholding piece, as I understand it. Yeah, I don't know what— Not as to the removal order. Yeah, I don't know that that would make a large difference. With Lara Nieto there were two petitions, but the court found that it had jurisdiction over the Catt determination. I would also question how will Catt ever be reviewed by the courts? There's a presumption of federal court review, but if you can only petition to review the reinstatement order, unless the department's argument wins that even that's off the table, and there's no way to petition over the Catt determination, well then there's never any review over Catt in these order of removal cases. Why couldn't you petition for both like you would at the time of the original? I don't know if— Isn't that how it works? At the time of the original removal order you can petition for review of the final order of removal and the denial of the Catt protection. But at the time of the initial removal order the court hasn't heard your Catt claim yet. And the Riley court proposed a hybrid approach. It said you can petition to review the removal order and then ask the circuit court to stay that while the underlying court is hearing your Catt case. So that's perhaps one way we could go forward. But then how do you get that final Catt decision before the circuit court without a petition for review? Does Nasrallah say that you can petition on the Catt? It does. And I don't believe Nasrallah says you have to have petitioned for both. I don't read anything in the statute that says— well, maybe there's a more basic answer. What is an order of removal? I think Riley answers this and the recent Third Circuit decision in Loreano answers this where they both say, Riley not so specifically, but Loreano says a reinstatement order is a removal order. And so we have the ability to review reinstatement orders because they are removal orders. Is it a final order of removal, though? Yeah. The way Riley—the quote in Riley is, removal orders are, quote, orders concluding that the alien is deportable or ordering deportation. I think it encompasses both. The removal order and the language in the administrative record here where the reinstatement order, it says we found her deportable. That is consistent with the language of what Riley says is a removal order. But is there a difference between a removal order and a final order of removal? In other words, can a deportation officer enter a final order of removal, or does that have to be something that's entered by the board? No, they can. In the criminal context, if a noncitizen is convicted of an aggravated felony, the deportation officer can issue a removal order under the expedited statute. I know that. I was asking about a distinction between the initial order of removal by the deportation officer and what the statute calls a final order of removal. Yeah. So you mean here in the reinstatement context? In any context. There's a definition of final order of removal, I thought, in the statute, which talks about the decision of the board creating finality.  There are just a handful of circumstances where a deportation officer could order removal. One would be the criminal context. One is for reinstatement. That is a final order of removal if you waive your right to challenge it because it's final. But the noncitizen has the right to challenge that by saying, I'm afraid of being persecuted. Then they wind their way through the reasonable fear or credible fear process. They can also order removal at the border through the expedited removal process. That is a final order of removal. I'm so sorry if I'm not directly answering your question. That's a final order of removal unless it's elevated by challenge. Go ahead. It's complicated. Go ahead. It sure is. I didn't get into equitable tolling. There's now a growing circuit split on the question of equitable tolling. Unfortunately, I ran out of time to respond to the 28J letters on equitable tolling. I will when I get back to Kansas City. But I do believe the courts that have found equitable tolling are correct. The Supreme Court's decision in Boechler is the governing principle on equitable tolling. The statute issue here is so close to the one in Boechler, it's quite hard to distinguish. There's another case from this term in April in Enbridge Energy that found no equitable tolling. The exception that the Supreme Court pointed to in Enbridge Energy was that the statute, Congress had already written exceptions to the deadline. When Congress does that, it's telling you here's the way to toll the deadline. Therefore, it's overcoming the presumption that deadlines are tollable in some other equitable way. I think Enbridge Energy is a case that is in petitioner's favor because this statute, 1252B1, doesn't have exceptions. My friend in the 28J letter said, look, there's an exception three sections later that says you can get an extension on your briefing. That's not an extension to the filing deadline that the Supreme Court was talking about in Brokamp initially and then the recent Enbridge Energy case. That was less than I wanted to say about equitable tolling, but I'll save my last minute for rebuttal. Thank you. Very well, thank you. Mr. Pryby, we'll hear from you. May it please the Court, Christopher Pryby for the Attorney General. As the government has expressed, there are now three hurdles before you can get to the merits of this case. There are two jurisdictional hurdles. One is that there was no PFR of a final. Can you explain withdrawing your position on Friday night before the oral argument, based on a case that was decided, I guess, in the Second Circuit six months ago? It's unorthodox. Your Honor, I have no response to that other than to say that it's a jurisdictional issue. It hasn't been briefed now. Your brief said that there was a final order of removal on the reinstatement order, though. Right. And so the petitioners had no opportunity to take up this new argument you're making. I understand, Your Honor. What should we do about that? Have you waived that point? No, it can't be waived because it goes to subject matter jurisdiction. But if this Court need not reach it because there is another subject matter jurisdictional issue, which is that regardless of whether the reinstatement is a final order of removal or not, the PFR only challenges the IJ's decision, which is not a final order of removal post-Riley. So because there is no final order of removal before this Court on that PFR, there's just no jurisdiction for this Court to review anything right now. Well, Riley didn't decide whether... What do you mean by post-Riley? So Riley, I guess... Riley didn't decide whether your position is correct to stand alone. Don't we have to look to Justice Thomas' concurrence in Riley for the analogous reasoning? I guess, yes, Your Honor. So Justice Thomas' concurrence does, that is the reasoning, and then the Navarrete decision in the Ninth Circuit followed that reasoning. But what Riley did, I guess, emphasize is that the final order of removal is the thing that DHS did back when it decided that there was no... In Riley, it was a FARA, Final Administrative Order Removal Order. There, it said that... The Court said that when that FARA issued, that was the final order of removal because there was no appeal to the Board. That's what... To answer one of your previous questions, too, my friend, it was a final order of removal... An order of removal becomes final when either the Board affirms the order or the time expires. And Riley interpreted that to mean that the time expires immediately if there is no right to review before the Board. Now, you said this late issue you've raised cannot be waived because you say it goes to subject matter jurisdiction. Yes, Your Honor. But the first point in your brief is, assuming arguendo that the Court retains jurisdiction, the record does not compel reversal of the IJ's order. That's the merits of the case, yes, Your Honor. Since that was your lead argument, I took that to mean that you thought we could skip over the jurisdictional question because your first argument was, assuming arguendo that we retain jurisdiction, the record does not compel reversal. Is that what you meant? Or did you really mean we need to take up point two in your brief before we take up point one? You should take up point two before you take up point one. The merits should not be addressed unless this Court has subject matter jurisdiction. Okay. It's just a little bit... You might order the points the other way, then, if that's how you think we should sequence them. But I understand what you're saying. Yes, Your Honor. If I may respond to a couple of points that came up during my friend's presentation, I'm not exactly sure if this was the proposition stated, but Nasrallah does not say that you can PFR directly off of a cat order. In Nasrallah, at the Circuit Court, the Eleventh Circuit, the PFR actually did challenge three separate issues that would have nullified removability of the petitioner. So even under, say, Justice Thomas' concurrence, the Navarrete theory, that Nasrallah would be consistent with that because there was a challenge to some substantive thing that would have nullified removability. So if the reinstatement order were a final order of removal, which was your original position, and if the alien petition for review of the reinstatement order, and at the same time challenged this cat determination or the withholding only determination, then possibly there'd be jurisdiction on the same as in Nasrallah? Correct, Your Honor. That is how, if you are assuming that the reinstatement would be a final order. But you're now saying a reinstatement order is not a final order of removal. Right, that's your latest position. Correct. The position is that a reinstatement is not an order of removal at all because it does not order the deportability. Not an order of removal or not a final order? It is neither. It is not an order of removal and therefore can't become final because it's just not an order of removal. So on that view, basically, I think what your implication is is that none of these decisions are judicially reviewable. The expedited removal order in the very beginning, back in September of 2019, I believe, that would have been reviewable in habeas. But I mean in habeas, but once the person re-enters. Correct. There would be no review in a petition for review in this court of that reinstatement. Of the reinstatement or the refusal to give protection under the convention against torture or withholding of removal. Correct, because none of those would have been brought with a PFR. Is there any liability of judicial review on those then in the department's view? The department's view is that that question is just not before this court. It's just that... Well, but we like to know the implication of what we're doing. So if we were to accept your view that there's no final order of removal, does that mean that the denial of the torture relief is not judicially reviewable? Is there some other avenue that you can imagine? At this time, that is just not the question that is before the court and the government does not express a position on that. Okay, go ahead.  And then another correction I wanted to make is that Boehler, in that case, was not a petition for review to a court of appeals. It was a petition for review to a tax court, which goes under a different set of procedural rules. In this court, FRAP 26b2 governs, and FRAP 26b2 says, unless there's a specific exception authorized by law, then this court cannot extend the time to file a petition for review. And there's no specific exception authorized here. It flips the presumption, the statutory presumption, because otherwise there would be no meaning to that requirement for a specific exception authorized by law. So that is why equitable tolling is not available in PFRs of any agency decision to the courts of appeals under 26b2. Under 20? FRAP 26b2. That's the language that says it requires a specific exception to extend the time to file a petition for review of an agency decision. Unless this court has further questions, the Attorney General requests you dismiss the petition for lack of jurisdiction. Thank you. Thank you for your argument. Mr. Hoppeck, we'll give you a little time to address equitable tolling, if you'd like. Thank you. Or whatever you want to address, but I know you said before you had more you wanted to say about it, and now the point's been raised about FRAP 26 and so forth. We're the last case. I guess we could just go all afternoon. No. I'm just kidding around. What do you mean to suggest that? I think the fastest solution to the initial quandary is found by the Third Circuit in its Laureano decision, the one that just came out as the subject of my friend's 28J letter. The Laureano decision says a reinstatement order is a removal order, and it says Riley compels that conclusion from the language that I quoted. If the court follows Laureano, then a reinstatement order is reviewable in federal courts because it's a removal order. I don't see it much different from a motion to reopen. The board denies your motion to reopen, you petition for review. That's not a removal order either, but the court has consistently for years found that it has jurisdiction to hear those cases. So hopefully the court concludes that a reinstatement order is reviewable. But as far as the Federal Rules of Appellate Procedure, we're aware of no circuit court that has held that now any agency decision is not subject to review if a petition for review is filed on the 31st day, and it would, I believe, go straight to the heart of Riley v. Bondi that says the 30-day deadline is not jurisdictional. It sort of makes it jurisdictional if the statute, the Federal Rules of Appellate Procedure themselves, require. I think the Supreme Court would have said that. Don't the cases say that the rules of procedure do not create jurisdictional bars, that it has to be statutory? Yes, I think so. So even if the rule says there might, anyway. Yeah, and I think the answer to that is found in Boechler. Yes, it's a tax case, but it's an agency case, and the 30-day, it lines up. The statute structure lines up almost exactly at 1252. Thank you for your time. All right, very well. Thank you for your argument. The case is submitted, and the court will file a decision in due course.